**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:13-CR-166-LY-9 |
| | § | |
| BRIAN GRIFFIN (9) | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE**

Before the Court is the petition of the United States Probation Office recommending that the Court revoke Defendant's term of supervised release. The Magistrate Court submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

**PROCEDURAL BACKGROUND**

Defendant pled guilty of Conspiracy to Possess with Intent to Distribute 500 grams or more of Methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On February 7, 2014, Defendant was sentenced to 100 months' imprisonment, followed by five years' supervised release. On October 19, 2015, Defendant's sentence was reduced to 85 months' imprisonment, and his supervision began on May 18, 2020.

On April 9, 2021, the Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision ("Petition"). Dkt. 717. The Probation Office alleged that Defendant violated conditions of release and sought a show-cause hearing as to why Defendant's supervised release

should not be revoked. A warrant was issued for Defendant's arrest. Defendant was arrested and ordered temporarily detained at his initial appearance on April 13, 2021.

In the Petition, the Probation Officer alleges that Defendant violated the following conditions of release:

> **Violation of Special Condition:** "The defendant shall participate in an in-patient substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer shall supervise the participation in the program (provider, location, modality, duration, intensity, etc.). During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants."
>
> **Violation of Special Condition:** "The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant may be required to contribute to the costs of services rendered (copayment) in an amount to be determined by the probation officer, based on the defendant's ability to pay."
>
> **Violation of Special Condition:** "The defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision."
>
> **Violation of Standard Condition No. 9:** "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

The Petition alleges that Defendant was unsuccessfully discharged from the Lifetime Recovery in-patient treatment program on April 8, 2021 for violating its rules and regulations; failed to attend individual counseling sessions at Kearley and Schmidt on July 16, 2020 and January 7,

2021; failed to submit to urinalysis testing as directed by his U.S. Probation Officer on January 28 and 29, 2021; tested positive for drug use on February 2, February 8, March 26, March 31, April 6, and April 8, 2021; and admitted on March 3, 2021 that he had been abusing illicit drugs with Crystal Sherman.

On May 19, 2021, pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the undersigned conducted a preliminary and final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. In the interests of justice, the hearing was conducted by video teleconference due to the exigent circumstances created by the COVID-19 pandemic. Both parties consented to proceed by video teleconference, and Defendant, his attorney, the attorney for the Government, and Defendant's Probation Officer were present throughout the hearing. The Magistrate Judge finds that the video teleconference was sufficient to assess the voluntariness of the proceeding, Defendant's credibility, and his understanding. Defendant consented to proceed before a United States Magistrate Judge and pled "True" to the alleged violations.

## **FINDINGS OF THE COURT**

1.  Defendant violated the conditions of his supervised release by his conduct as alleged in the Petition.

2.  Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.

3.  Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

4.  Defendant had both a factual and rational understanding of the proceedings against him.

5.  Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

6.  Defendant was sane and mentally competent at the time of these proceedings.

7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

8. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

9. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. Defendant waived a reading of the charges against Defendant by the Government.

11. Defendant freely, intelligently, and voluntarily pled "True" to the violations of the conditions of his supervised release alleged in the Petition.

12. The Court finds that Defendant violated Standard Condition No. 9 and the Special Conditions of his term of supervised release to refrain from the use intoxicants, to participate in a program approved by the probation officer for treatment of narcotic addiction, and to participate in an in-patient substance abuse treatment program and follow the rules and regulations of that program, as alleged in the Petition, and that there is a factual basis in support of those findings.

## **FACTORS CONSIDERED**

The Court has considered the factors set out in Title 18, United States Code § 3583(e), which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:[1]

a. the nature and circumstances of the offense, § 3553 (a)(1);

b. the history and characteristics of Defendant, (a)(1);

c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);

d. the need to protect the public, (a)(2)(C);

e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);

g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and

h. the need to provide restitution to any victims of the offense, (a)(7).

---

[1] The factors in § 3553(a)(2)(A), namely, the seriousness of offense, respect for the law, and just punishment, were not considered by the Court.

## RECOMMENDATIONS

The Magistrate Court has carefully considered all of the arguments of counsel and the evidence presented by the parties and has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The undersigned also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade C and his criminal history category is VI, resulting in an (advisory) guideline range of 8 to 14 months of imprisonment.

In this case, the Magistrate Court finds most compelling the nature and circumstances of the offense; Defendant's history and characteristics; and the need to need to afford adequate deterrence to criminal conduct. For these reasons, the Magistrate Court **RECOMMENDS** that Defendant's term of supervised release be **REVOKED**. The Magistrate Court further recommends that the District Court sentence Defendant to **eight (8) months imprisonment, with no supervised release to follow**.

## WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See*

28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 19, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE